UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

VICTOR BURTHEY QUAN,

                Plaintiff,

    v.

LATARSHA PHILLIPS, Administrator for the
Estate of Shirley Royal Davis,

                Defendant.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-5178 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Victor Burthey Quan, proceeding *pro se* and currently incarcerated at the Fishkill Correctional Facility, commenced the above-captioned action against his sister Defendant Latarsha Phillips, Administrator for the Estate of Shirley Royal Davis ("the Estate"), alleging that she unlawfully distributed their mother's estate and failed to give him his share of the Estate. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint.

    **I. Background**

    The Complaint is filed on a form complaint for civil rights actions pursuant to 42 U.S.C. § 1983. The Court assumes the truth of the factual allegations in the Complaint and the attached exhibits for purposes of this Memorandum and Order.

Plaintiff has been incarcerated since 2002. (Compl. 7, 9.)[1] On November 27, 2014, Plaintiff's mother was struck by a motor vehicle and killed. (*Id*. at 10.) She did not have a will. (*Id*. at 10, 12.) With Plaintiff's consent, Defendant was appointed administrator of the Estate. (Letters of Administration from the Probate Court, County of Chatham, State of Georgia annexed to Compl. at 12–13.) Plaintiff gave Defendant a power of attorney. (Compl. 7, 9.) According to the Letters of Administration from the Probate Court, Plaintiff's mother was survived by a spouse and four children, including Plaintiff and Defendant. (*Id*. at 14.) Plaintiff asserts that being "the eldest of our mothers' siblings [*sic*], gives Plaintiff, by birth-right, power to divide our mother's estate." (*Id*. at 7.)

Defendant asked Plaintiff to cover the expenses for the funeral, amounting to $3645. (*Id*. at 7.) Plaintiff claims that he disbursed funds from his prison trust account, (*id.*), and attaches to the Complaint an Irrevocable Assignment and Power of Attorney signed by him and authorizing disbursement of funds in the amount of $3645 from an insurance policy in his mother's name, (*id*. at 22.) Defendant did not reimburse Plaintiff for these expenditures. (*Id*. at 10.)

As the personal representative of the Estate, Defendant received a wrongful death settlement in the amount of $25000. (*Id*. at 7, 16–18.) Plaintiff received $517.96 from attorney Charlie H. Williams as his share of the proceeds. (*Id*. at 7, 21.)

Plaintiff has attempted to contact Defendant, but "Defendant refuses to provide [him] with the amounts of monies from any and all bank accounts, insurance policies, properties and lawsuit settlement(s)." (*Id*. at 10–11.) Plaintiff seeks damages in the amount of $30000, "plus interest from January 7, 2016, costs and disbursements." (*Id*. at 11.)

---

[1] Because the Complaint and attached exhibits are not consecutively paginated, the Court's citations refer to the page numbers assigned by the Electronic Document Filing System.

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes federal question jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where there is complete diversity of citizenship between plaintiffs and defendants and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."). The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (citing *Luckett v. Bure*, 290 F.3d 493, 497 (2d Cir.

2002)). Diversity of citizenship is determined at the time the action is commenced. *Dukes ex rel. Dukes v. New York City Emps.' Ret. Sys., & Bd. of Trustees*, 581 F. App'x 81, 82 (2d Cir. 2014) (first citing 28 U.S.C. § 1332(a); and then citing *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)).

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Davis v. Cannick*, 691 F. App'x 673, 673 (2d Cir. 2017) (citations omitted). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, No. 16-CV-1395, 2017 WL 1157153, at *4 (S.D.N.Y. Mar. 25, 2017) (quoting *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009)); *see also Caren v. Collins*, 689 F. App'x 75, 75 (2d Cir. 2017) ("Although the individual plaintiff and the individual defendants are alleged to be residents of certain States, such an allegation is insufficient to plead citizenship." (citations omitted)). Moreover, "one may have more than one residence in different parts of this country or the world, but a person may have only one domicile." *Reich v. Lopez*, 858 F.3d 55, 63 (2d Cir.) (quoting *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004)), *cert. denied*, 138 S. Ct. 282 (2017).

### i. The Court lacks federal question jurisdiction over Plaintiff's claim

Construing Plaintiff's allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Court lacks federal question jurisdiction. Plaintiff invokes 28 U.S.C. § 1343, which provides district courts with jurisdiction over actions for redress for the deprivation of civil rights, including claims brought under 42 U.S.C. § 1983.

Section 1983 requires a plaintiff to demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the

plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010). The Supreme Court has held, "the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (stating that to establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." (citations and internal quotation marks omitted)). "To demonstrate state action, a plaintiff must establish both that her alleged constitutional deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263–64 (2d Cir. 2014) (internal quotation marks omitted) (quoting *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir.2003).)

Defendant is a private individual, acting as administrator of her mother's estate. Plaintiff has not alleged that she is a state actor or that her actions were taken in any official capacity. Accordingly, the Court dismisses Plaintiff's section 1983 claim. *See Azkour v. Bowery Residents Comm., Inc.*, 646 F. App'x 40, 41 (2d Cir. 2016) (affirming dismissal of a Section 1983 claim because the defendant was a private entity, not a state actor); *Grogan*, 768 F.3d at 263–69 (affirming dismissal of a Section 1983 claim because the plaintiff failed to prove that the defendant's actions were state actions); *Harrison v. New York*, 95 F. Supp. 3d 293, 306 (E.D.N.Y. 2015) (dismissing *pro se* plaintiff's section 1983 claims for failure to plead state action).

Moreover, Plaintiff's allegations that Defendant failed to reimburse him for funeral expenses and failed to appropriately disburse proceeds from his mother's estate do not implicate any federal question.

### ii. The Court lacks diversity jurisdiction over Plaintiff's claim

In addition, the Court lacks diversity jurisdiction over Plaintiff's claims because the Court cannot determine that the parties are completely diverse. Based on the allegations in the Complaint, Defendant appears to be domiciled in New York. However, Plaintiff does not allege his domicile but states only that he has been in the custody of New York State Department of Corrections since 2002 and is currently confined at Fishkill Correctional Facility. (Compl. 1, 7; see *Urena v. Wolfson*, 09-CV-1107, 2010 WL 5057208, at *13 (E.D.N.Y. Dec. 6, 2010) ("[A] prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state.").) The Court therefore cannot determine that the parties are diverse.

The Court therefore dismisses the Complaint for lack of subject matter jurisdiction. However, in light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to amend the Complaint to allege facts, if possible, to support subject matter jurisdiction.

### III. Conclusion

For the reasons set forth above, the Court dismisses the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. No summons shall issue at this time, and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: October 28, 2018
       Brooklyn, New York